ON RETURN TO REMAND
D.J.W. appeals from a restitution order issued in an adjudication of delinquency by the juvenile court. On original submission, we remanded this action to the juvenile court, finding that it had abused its discretion in ordering the juvenile to pay $40,600.19 in restitution. D.J.W. v. State,705 So.2d 521 (Ala.Cr.App. 1996) On remand, the juvenile court conducted another evidentiary hearing and again ordered that the appellant pay $40,600.19 in restitution. In support of its judgment, the juvenile court stated, "[A]n order of restitution [for an amount] less than the damage inflicted by a delinquent act would thwart rehabilitative efforts in that one's financial resources could then be used as an excuse for not being held accountable for one's actions." In addition, the juvenile court ordered that the "restitution shall be paid at a reasonable rate as agreed upon by Juvenile Probation Services."
On original submission, we held that in determining the amount of restitution to be paid by a delinquent juvenile, the juvenile court should consider the provisions of the Juvenile Justice Act, §§ 12-15-1 to -176, Ala. Code 1975, rather than the language of the Restitution to Victims of Crimes Act, §§15-18-65 to -78, Ala. Code. 1975. Specifically, we held that, in considering the amount of restitution to be imposed on a juvenile for the commission of a delinquent act,
 "[i]t is an abuse of discretion [for the juvenile court] to fail to take the following into consideration when fashioning a restitution order in a juvenile court case: 1) The financial resources and obligations of the juvenile; 2) the burden that payment of restitution will impose; 3) the juvenile's age, education, background, and all other relevant factors; and 4) the rehabilitative effect of the restitution order."
705 So.2d at 524. Although the juvenile court in its restitution order stated that it considered these factors in making its determination, it nevertheless ordered the same amount of restitution. In remanding this case again, we will address two portions of the restitution order: 1) the amount of restitution awarded and 2) the sufficiency of the restitution order.
 I.
On remand, the juvenile court did not change the amount of restitution it had initially ordered the juvenile to pay. Although in its order, and on the record, the juvenile court stated that it had considered the factors we developed for determining the amount of restitution to be paid by a delinquent juvenile, it failed to set forth the particular *Page 526 
facts and circumstances underlying its finding on each of those four factors. The juvenile court determined that, in essence, the failure of a juvenile to pay full and complete restitution for his acts would hinder any rehabilitative effort. In support of this ruling, the juvenile court stated:
 "I believe the Court of Criminal Appeals was telling us that we need to take a look at [the amount of restitution ordered], that you know that these kids can't come up with $40,000. Dadgum, I can't come up with $40,000 right now either, as far as that goes. I understand the financial situation [the juveniles are] in, but I certainly believe that if we order them to pay an amount of restitution less than the damage that they caused that in essence they are getting away with it. It just seems that that flies in the face of everything that our system is built on, including Juvenile Court."
Because of these comments, we find it necessary to clarify the holding of our original opinion, in which we announced that "restitution" has different definitions depending on the circumstances under which it is ordered. Specifically, we held that the concept of restitution in a juvenile case is one of "rehabilitative restitution," which focuses on the rehabilitation of the juvenile rather than on compensation to the victim.
The concept of "rehabilitative restitution" in a juvenile case is a different concept than that of restitution in a criminal case. Compare, § 15-18-65 and § 12-15-1.1. In a criminal context, the general purpose of an award of restitution is to fully compensate the victim of a criminal act. § 15-18-65. The legislature has defined restitution, in the criminal context, as "[f]ull, partial, or nominal paymentof pecuniary damages to the victim or its equivalent in services performed or work or labor done for the benefit of the victim." § 15-18-66(3). (Emphasis added.) However, in a juvenile case the concept of restitution is one of "rehabilitative restitution"; the main purpose of this specialized type of restitution is the rehabilitation of the juvenile, not necessarily full compensation to the victim. We find that the juvenile court erred in holding, in effect, that the amount of restitution to be levied against the juvenile should be equal to the total amount of pecuniary damages suffered by the victim. If that were the case, the requirement that the juvenile court consider these four factors would be irrelevant. In fact, the juvenile court would have no discretion in setting the amount of restitution.
Even § 15-18-66(3) does not require that an award of restitution be the full amount of pecuniary loss suffered by the victim. Rather, the proper determination of the amount of restitution to be paid by a delinquent juvenile is the amount of restitution that will foster the rehabilitation of the juvenile. In this context, one of the main factors that must be considered by the juvenile court is the amount of restitution that the juvenile is reasonably able to pay. § 12-15-1.1(7). This may mean that in a case such as this one, where two juveniles participate in the same delinquent act that causes the destruction of another's property, one juvenile may be ordered to pay more restitution than the other juvenile, merely because one juvenile has a greater ability to pay restitution than does the other.
In determining the amount of restitution that a delinquent juvenile should pay, the juvenile court must consider each of the factors we outlined in our previous opinion: 1) the financial resources and obligations of the juvenile; 2) the burden that payment of restitution will impose; 3) the juvenile's age, education, background, and all other relevant factors; and 4) the rehabilitative effect of the restitution order. Although the juvenile court stated that it had considered all these factors, that court imposed a $40,000 restitution order on a 12-year-old juvenile, whose family's income is less than $800 a month. It is unreasonable to believe that a child under these circumstances could have the ability and resources to pay $40,000 in restitution before the juvenile court losses jurisdiction.
As we have previously noted, the juvenile court erred in determining that the only proper way to rehabilitate this delinquent juvenile is to require him to pay restitution in the full amount of the victim's loss. While we agree that an award of the full amount of pecuniary damages may be necessary to fully *Page 527 
compensate the victim of the delinquent act, it is not necessarily the proper amount for effective rehabilitation — it is this latter amount that prevails in a juvenile case. The amount of restitution necessary for effective rehabilitation should be determined on a case-by-case basis, with the juvenile court considering each of the factors above. Therefore, we again remand this case to the juvenile court with instructions that it reconsider the amount of the restitution to be imposed in light of the appropriate statutes and this opinion.
 II.
We next address the sufficiency of the juvenile court's restitution order in this case. As noted previously, the juvenile court, in its restitution order, delegated to the "Juvenile Probation Services" the authority to determine the amount of payments that the juvenile would be required to pay. Because the juvenile court erred in this respect, we will briefly outline two requirements that must be met in drafting a valid restitution order in a juvenile case.
 A.
First, in its restitution order, the juvenile court must articulate the relevant facts that lead the court to its conclusion. As we stated on original submission, quoting §15-18-69, the juvenile court shall "enter its [restitution] order upon the record stating its findings and the underlying facts and circumstances thereof." 705 So.2d at 525. Although this statement of facts need not be exhaustive, it nevertheless should contain some facts relevant to each factor. Further, the amount of restitution should be supported by those facts. Without these findings, we cannot properly review the restitution order.
In this case, the juvenile court stated the factors it used in determining of the appropriate amount of restitution; however, that court made no findings of fact in relation to the factors it relied on in making its decision. Rather, the juvenile court, in ordering the juvenile to pay in excess of $40,000 in restitution, stated only "that an order of restitution less than the damage inflicted by a delinquent act would thwart rehabilitative efforts in that one's financial resources could then be used as an excuse for not being held accountable for one's actions." This conclusion by the juvenile court, which is obviously the basis of its restitution award, is not based on the facts of this specific case and is contrary to the stated goal of the juvenile restitution statutes.
 B.
The second requirement of a juvenile restitution order is that the juvenile court must specify in its order the amount and manner of restitution to be paid. It is in the discretion of the juvenile court to draft an order that the court deems to be in the best interest of the child. § 12-15-71(c)(4). However, in this case, the juvenile court's restitution order did not state the manner in which the juvenile was to pay this restitution. The juvenile court stated that the manner and amount of payment of restitution was to be determined in the future by "Juvenile Probation Services." For the following reasons, we believe that this portion of the order was an improper delegation of the authority of the juvenile court.
A juvenile court that orders a delinquent juvenile to pay restitution may not delegate the authority to fashion the manner and amount of payment to an administrative agency.See, A.J. v. State, 677 So.2d 935 (Fla.Dist.Ct.App. 1996). One of the primary purposes of a juvenile court is to make findings of fact, and from those facts determine what action, if any, could be in the juvenile's best interest. Two factors that bear on a juvenile court's order of restitution are the rehabilitative effect of the restitution and the ability of the juvenile to pay. These two factors necessarily must be determined from the facts presented at the juvenile hearing. By delegating to an administrative agency the authority to fashion the manner of payment of the restitution, the juvenile court, in effect, is allowing that body to determine not only the best interests of the juvenile but also, to some extent, the ability of that juvenile to pay the restitution. We believe this action is an improper delegation of the juvenile *Page 528 
court's functions and thwarts appellate review.
However, it should be noted that a juvenile court that has adjudicated a juvenile delinquent retains continuing jurisdiction over the juvenile's case. This jurisdiction does not terminate until the juvenile reaches the age of 21, the juvenile court terminates its jurisdiction by court order, or the juvenile is convicted in criminal court of a crime committed after the juvenile turns 18. § 12-15-32. When the jurisdiction of the juvenile court terminates, for whatever reason, this jurisdiction is completely terminated. M.C. v.State, 600 So.2d 387 (Ala.Crim.App. 1991). In a juvenile case where the court orders restitution, the provisions and conditions of the restitution order terminate at the moment the juvenile court no longer retains jurisdiction over the matter. Therefore, the juvenile court must itself determine the amount of restitution and the manner in which it should be paid. Further, because the restitution order may mandate a periodic payment schedule based on the ability of the juvenile to pay such restitution, the juvenile court, retaining continuing jurisdiction over the delinquency order, may wish to modify its restitution order as the ability of the juvenile to pay such restitution changes.
Accordingly, we remand this case to the juvenile court with instructions that it reconsider the restitution order in light of this opinion. Further, the juvenile court should make specific findings of fact which support its decision.
The juvenile court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.